# EXHIBIT A

## IN THE CIRCUIT COURT OF COOK COUNTY JUDICIAL CIRCUIT
## LAW DIVISION, ILLINOIS

| | | |
|---|---|---|
| RANJANA PATEL and RAJENDRA PATEL | ) | 2014L008091 |
| | ) | CALENDAR/ROOM E |
| Plaintiffs, | ) | TIME 00:00 |
| | ) | Case No.: PI Other |
| v. | ) | |
| | ) | |
| WENDELLA SIGHTSEEING COMPANY, | ) | **PLAINTIFF DEMANDS TRIAL BY** |
| INC. and BLOUNT BOATS, INC. | ) | **JURY** |
| | ) | |
| Defendants, | ) | |

### COMPLAINT AT LAW

NOW COME, the Plaintiffs, RANJANA PATEL and RAJENDRA PATEL, by and

through her attorneys, ROMANUCCI & BLANDIN, LLC, complaining against Defendants,

WENDELLA SIGHTSEEING COMPANY, INC. and BLOUNT BOATS, INC., pleading

hypothetically and in the alternative, states as follows:

### COUNT I – NEGLIGENCE
### *Ranjana Patel v. Wendella Sightseeing Company, Inc.*

1.      On August 6, 2012, and at all times relevant herein, Plaintiff, RANJANA PATEL,

was a resident of the City Clackamas, Clackamas County, Oregon.

2.      On August 6, 2012, and at all times relevant herein, Defendant, WENDELLA

SIGHTSEEING COMPANY, INC. was a corporation existing by and under the laws of Illinois,

with its principal place of business located at 400 North Michigan Avenue, City of Chicago,

County of Cook, State of Illinois.

3.      On August 6, 2012, and at all times relevant herein, Defendant, WENDELLA

SIGHTSEEING COMPANY, INC., was engaged in the business of marketing and/or conducting

boat tours and private boat charters on the Chicago River in Chicago, Illinois.

1

4.      On August 6, 2012, and at all times relevant herein, Defendant, WENDELLA SIGHTSEEING COMPANY, INC., owned the vessel, "Lila."

5.      On August 6, 2012, and at all times relevant herein, Defendant, WENDELLA SIGHTSEEING COMPANY, INC., maintained the vessel, "Lila."

6.      On August 6, 2012, and at all times relevant herein, Defendant, WENDELLA SIGHTSEEING COMPANY, INC, operated the vessel, "Lila."

7.      On August 6, 2012, and at all times relevant herein, Defendant, WENDELLA SIGHTSEEING COMPANY, INC. marketed to the general public the vessel, "Lila," as part of Defendant's, "fleet," which was used in conducting Architecture River Tours, Combined Lake and River Tours, Chicago at Sunset Tours, Chicago River Experience Tours, and/or Summer Fireworks Cruises.

8.      On August 6, 2012, Defendant, WENDELLA SIGHTSEEING COMPANY, INC. held itself out to the general public as an entity that transported people from one place to another for a fee.

9.      On August 6, 2012, Defendant, WENDELLA SIGHTSEEING COMPANY, INC., was a common carrier.

10.      On August 6, 2012, Defendant, WENDELLA SIGHTSEEING COMPANY, INC., owned and/or leased space on a docking wall located on the Chicago River at 400 North Michigan Avenue, City of Chicago, County of Cook, Illinois.

11.      On or before August 6, 2012, Plaintiff, RANJANA PATEL, purchased tickets for Defendant, WENDELLA SIGHTSEEING COMPANY, INC.'s. "Lake and River" tour.

2

12.     On August 6, 2012 at approximately 4:00 p.m., Plaintiff, RANJANA PATEL, embarked on Defendant, WENDELLA SIGHTSEEING COMPANY, INC's "Lake and River" tour.

13.     On August 6, 2012, at approximately 5:35 p.m., the vessel, "Lila" owned, operated and/or maintained by Defendant, WENDELLA SIGHTSEEING BOAT COMPANY, INC., allided with the docking wall located at 400 North Michigan Avenue on the Chicago River, in the City of Chicago, County of Cook, Illinois.

14.     On August 6, 2012, Defendant, WENDELLA SIGHTSEEING COMPANY, INC., had a duty to exercise ordinary care in the ownership, operation, and/or maintenance of its fleet, including the "Lila."

15.     As a common carrier, Defendant, WENDELLA SIGHTSEEING COMPANY, INC., had a duty to its passengers to use the highest degree of care consistent with the mode of conveyance used and the practical operation of its business as a common carrier.

16.     Notwithstanding said duties, on August 6, 2012, Defendant, WENDELLA SIGHTSEEING COMPANY, INC. committed one or more of the following acts and/or omission:

a)  Failed to inspect its vessel, "Lila," upon its delivery in July of 2012 to discovery any material defects in the vessel's construction;

b)  Knowingly operated its fleet, including, "Lila," even though the vessel(s) contained material defects;

c)  Operating its fleet, including, "Lila," even though the vessel(s) contained a faulty electrical system;

d)  Operated its fleet, including, "Lila," even though the vessel(s) did not contain an Isolation Transformer;

3

e) Operated its fleet, including, "Lila," even though the vessel(s)'s Deck Hatches were too small, too heavy, or of the wrong material

f) Failed to reduce speed to avoid alluding with the docking wall;

g) Failed to maneuver the vessel appropriately in order to avoid alluding with the docking wall;

h) Failed to implement safety procedures requiring all passengers to be seated at the time of docking;

i) Was otherwise negligent.

17.     On August 6, 2012, while a passenger on Defendant's vessel, "Lila," Plaintiff, RANJANA PATEL, suffered a fall and sustained injuries, including multiple pelvic fractures, when "Lila," allided with a docking wall.

18.     Said injuries were a direct and proximate result of one or more of the negligent foregoing acts or omissions of the Defendant, WENDELLA SIGHTSEEING COMPANY, INC.

19.     As a further direct and proximate result of the aforementioned occurrence, Plaintiff, RANJANA PATEL, was caused to experience physical pain, mental suffering, emotional distress, disability, disfigurement, loss of a normal life, all of which conditions and injuries are permanent in nature.

WHEREFORE, Plaintiff, RANJANA PATEL, prays for judgment against Defendant, WENDELLA SIGHTSEEING COMPANY, INC., in an amount in excess of Fifty Thousand Dollars ($50,000.00), and for any further relief this Court deems appropriate and just.

## COUNT II – PRODUCTS LIABILITY
### Ranjana Patel v. Blount Boats, Inc.

1.     On August 6, 2012, and at all times relevant herein, Plaintiff, RANJANA PATEL, was a resident of the City Clackamas, Clackamas County, Oregon.

4

2.     Defendant, BLOUNT BOATS, INC., is a corporation existing by and under the laws of the state of Rhode Island, with its principal place of business located at 461 Water Street, Town of Warren, County of Bristol, State of Rhode Island.

3.     On and before August 6, 2012, and at all times relevant herein, Defendant, BLOUNT BOATS, INC. was doing business throughout the state of Illinois.

4.     On August 6, 2012, and at all times relevant herein, Defendant, BLOUNT BOATS, INC. was engaged in the business of designing, manufacturing, marketing, and/or distributing Excursion Tour Boats throughout the United States, including the State of Illinois.

5.     On and before August 6, 2012, and at all times relevant herein, Defendant, BLOUNT BOATS, INC., custom designed, manufactured, marketed, distributed and/or sold a model of an Excursion Tour Boats to WENDELLA SIGHTSEEING COMPANY, INC.

6.     On and before August 6, 2012, and at all times relevant herein, Defendant, BLOUNT BOATS, INC., was placing Excursion Tour Boats, including the vessel it custom designed, manufactured, marketed, distributed and/or sold to WENDELLA SIGHTSEEING COMPANY, INC.,  into the stream of commerce

7.     BLOUNT BOATS, INC. marketed their vessels to the public as being, "second to none."

8.     BLOUNT BOATS, INC. marketed their vessels to the public as being, "'task master[s] of the sea' providing reliable service day after day, year after year."

9.     Defendant, BLOUNT BOATS, INC., marketed their vessels to the public as being, "sound."

10.     Defendant, BLOUNT BOATS, INC., marketed their vessels to the public as being, "long-lasting."

5

11.    Defendant, BLOUNT BOATS, INC., marketed their vessels to the public as being, "cost-effective."

12.    Defendant, BLOUNT BOATS, INC., marketed their vessels to the public as being, "designed with the operator's needs held in first consideration."

13.    BLOUNT BOATS, INC., built their vessels, including the vessel they custom designed, manufactured, marketed, distributed and/or sold to WENDELLA SIGHTSEEING COMPANY, INC., from steel and/or aluminum.

14.    At some point prior to August 6, 2012, a vessel made by BLOUNT BOATS, INC., was purchased by WENDELLA SIGHSEEING COMPANY, INC., in Chicago, Illinois.

15.    WENDELLA SIGHTSEEING COMPANY, INC. named this vessel, "Lila."

16.    At some point prior to August 6, 2012, "Lila" was used by, WENDELLA SIGHTSEEING COMPANY, INC., in Chicago, Illinois to conduct various tours on the Chicago River and Lake Michigan.

17.    On August 6, 2012, and at all times relevant herein, Plaintiff, RANJANA PATEL, was aboard, "Lila," as a passenger on WENDELLA SIGHTSEEING COMPANY, INC.'s "Lake and River Tour."

18.    On August 6, 2012, at approximately 5:35 p.m., and at all times relevant herein, "Lila," allided with a docking wall located at 400 North Michigan Avenue, City of Chicago, County of Cook, State of Illinois.

19.    On August 6, 2012, while a passenger aboard, "Lila," Plaintiff, RANJANA PATEL, suffered a fall and sustained injuries, including multiple pelvic fractures, when "Lila," as a direct result of, "Lila's" alluding with the docking wall.

20.     On August 6, 2012, and at all times relevant herein, Defendant, BLOUNT

BOATS, INC., had a duty to design, manufacture, test, market, distribute, assemble, install

and/or sell the vessel, "Lila," so that it was neither defective, nor was unreasonably dangerous

when used as intended.

21.     At the time the vessel, "Lila," left the possession of the Defendant, BLOUNT

BOATS, INC., and at the time it entered the stream of commerce, the vessel, "Lila," was in an

unreasonably dangerous and/or defective condition in one or more of the following ways:

a)  Failed to design and/or manufacture the vessel so that it would not overheat;

b)  Failed to design and/or manufacture the vessel so as to prevent the failure of one or
    both engines;

c)  Used defective materials in the design and/or manufacture of the vessel;

d)  Failed to install an Isolation Transformer, which is required by the United States
    Coast Guard;

e)  Failed to install Deck Hatches that were the correct size, weight, and/or correct
    material;

f)  Failed to properly install and/or hire a licensed electrician to install a functional
    electrical system onboard the vessel;

g)  Intentionally used defective and/or substandard materials in the construction of the
    vessel in order to reduce manufacturing costs;

h)  Failed to use sufficient materials in the design and/or manufacturing of the vessel;

i)  Failed to consider and implement safer alternatives in the design and/or
    manufacturing of the vessel;

j)  Was defectively designed in such a manner that the font end of the vessel was
    completely crushed upon allided with the docking wall;

k)  Created an unreasonably risk of injury to passengers upon alliding with the docking
    wall; and

l)  Was otherwise negligent in the design and/or manufacturing of the vessel, "Lila."

7

22.     On August 6, 2012, while a passenger on, "Lila," RANJANA PATEL suffered a

fall and sustained injuries, including multiple pelvic fractures, when, "Lila," allided with the

docking wall at 400 North Michigan Avenue.

23.     Said injuries were a direct and proximate result of one or more of the foregoing

unreasonably dangerous and/or defective conditions of, "Lila."

24.     As a further direct and proximate result of the aforementioned unreasonably

dangerous and/or defective conditions, RANJANA PATEL, was caused to experience physical

pain, mental suffering, emotional distress, disability, disfigurement, a loss of a normal life, all of

which conditions and injuries are permanent in nature.

WHEREFORE, Plaintiff, RANJANA PATEL, prays for judgment against Defendant,

BLOUNT BOATS, INC., in an amount in excess of Fifty Thousand Dollars ($50,000.00), and

for any further relief this Court deems appropriate and just.

## COUNT III – PRODUCTS LIABILITY/NEGLIGENCE
### *Ranjana Patel v. Blount Boats, Inc.*

1.     On August 6, 2012, and at all times relevant herein, Plaintiff, RANJANA PATEL,

was a resident of the City Clackamas, Clackamas County, Oregon.

2.     Defendant, BLOUNT BOATS, INC., is a corporation existing by and under the

laws of the state of Rhode Island, with its principal place of business located at 461 Water Street,

Town of Warren, County of Bristol, State of Rhode Island.

3.     On and before August 6, 2012, and at all times relevant herein, Defendant,

BLOUNT BOATS, INC. was doing business throughout the state of Illinois.

4.     On August 6, 2012, and at all times relevant herein, Defendant, BLOUNT

BOATS, INC. was engaged in the business of designing, manufacturing, marketing, and/or

distributing Excursion Tour Boats throughout the United States, including the State of Illinois.

5.     On and before August 6, 2012, and at all times relevant herein, Defendant,

BLOUNT BOATS, INC., custom designed, manufactured, marketed, distributed and/or sold a

model of an Excursion Tour Boats to WENDELLA SIGHTSEEING COMPANY, INC.

6.     On and before August 6, 2012, and at all times relevant herein, Defendant,

BLOUNT BOATS, INC., was placing Excursion Tour Boats, including the vessel it custom

designed, manufactured, marketed, distributed and/or sold to WENDELLA SIGHTSEEING

COMPANY, INC.,  into the stream of commerce

7.     BLOUNT BOATS, INC. marketed their vessels to the public as being, "second to

none."

8.     BLOUNT BOATS, INC. marketed their vessels to the public as being, "'task

master[s] of the sea' providing reliable service day after day, year after year."

9.     Defendant, BLOUNT BOATS, INC., marketed their vessels to the public as

being, "sound."

10.     Defendant, BLOUNT BOATS, INC., marketed their vessels to the public as

being, "long-lasting."

11.     Defendant, BLOUNT BOATS, INC., marketed their vessels to the public as

being, "cost-effective."

12.     Defendant, BLOUNT BOATS, INC., marketed their vessels to the public as

being, "designed with the operator's needs held in first consideration."

9

13.     BLOUNT BOATS, INC., built their vessels, including the vessel they custom designed, manufactured, marketed, distributed and/or sold to WENDELLA SIGHTSEEING COMPANY, INC., from steel and/or aluminum.

14.     At some point prior to August 6, 2012, a vessel made by BLOUNT BOATS, INC., was purchased by WENDELLA SIGHSEEING COMPANY, INC., in Chicago, Illinois.

15.     WENDELLA SIGHTSEEING COMPANY, INC. named this vessel, "Lila."

16.     At some point prior to August 6, 2012, "Lila" was used by, WENDELLA SIGHTSEEING COMPANY, INC., in Chicago, Illinois to conduct various tours on the Chicago River and Lake Michigan.

17.     On August 6, 2012, and at all times relevant herein, Plaintiff, RANJANA PATEL, was aboard, "Lila," as a passenger on WENDELLA SIGHTSEEING COMPANY, INC.'s "Lake and River Tour."

18.     On August 6, 2012, at approximately 5:35 p.m., and at all times relevant herein, "Lila," allided with a docking wall located at 400 North Michigan Avenue, City of Chicago, County of Cook, State of Illinois.

19.     On August 6, 2012, while a passenger aboard, "Lila," Plaintiff, RANJANA PATEL, suffered a fall and sustained injuries, including multiple pelvic fractures, when "Lila," as a direct result of, "Lila's" alluding with the docking wall.

20.     On August 6, 2012, and at all times relevant herein, Defendant, BLOUNT BOATS, INC., had a duty to use reasonable care in its design, manufacture, testing, marketing, distribution, assembly, installation and/or selling of the vessel, "Lila," so that it safe for its intended use.

21.    Notwithstanding said duty, Defendant, BLOUNT BOATS, INC., committed one or more of the following acts and/or omissions:

a)  Failed to properly design and/or manufacture the vessel so that it would not overheat;

b)  Failed to properly design and/or manufacture the vessel so as to prevent the failure of one or both engines;

c)  Used defective materials in the design and/or manufacture of the vessel;

d)  Failed to properly install an Isolation Transformer, which is required by the United States Coast Guard;

e)  Failed to properly install Deck Hatches that were the correct size, weight, and/or correct material;

f)  Failed to properly install and/or hire a licensed electrician to install a functional electrical system onboard the vessel;

g)  Used defective and/or substandard materials in the construction of the vessel in order to reduce manufacturing costs;

h)  Failed to use sufficient materials in the design and/or manufacturing of the vessel;

i)  Failed to consider and implement safer alternatives in the design and/or manufacturing of the vessel;

j)  Defectively designed in such a manner that the font end of the vessel was completely crushed upon allided with the docking wall; and

k)  Was otherwise negligent in the design and/or manufacturing of the vessel, "Lila."

22.    On August 6, 2012, while a passenger on, "Lila," RANJANA PATEL suffered a fall and sustained injuries, including multiple pelvic fractures, when, "Lila," allided with the docking wall at 400 North Michigan Avenue.

23.    Said injuries were a direct and proximate result of one or more of the foregoing unreasonably dangerous and/or defective conditions of, "Lila."

11

24.     As a further direct and proximate result of the aforementioned unreasonably dangerous and/or defective conditions, RANJANA PATEL, was caused to experience physical pain, mental suffering, emotional distress, disability, disfigurement, a loss of a normal life, all of which conditions and injuries are permanent in nature.

WHEREFORE, Plaintiff, RANJANA PATEL, prays for judgment against Defendant, BLOUNT BOATS, INC., in an amount in excess of Fifty Thousand Dollars ($50,000.00), and for any further relief this Court deems appropriate and just.

### COUNT IV – NEGLIGENCE
*Rajendra Patel v. Wendella Sightseeing Company, Inc.*

1.     On August 6, 2012, and at all times relevant herein, Plaintiff, RAJENDRA PATEL, was a resident of the City Clackamas, Clackamas County, Oregon.

2.     On August 6, 2012, and at all times relevant herein, Defendant, WENDELLA SIGHTSEEING COMPANY, INC. was a corporation existing by and under the laws of Illinois, with its principal place of business located at 400 North Michigan Avenue, City of Chicago, County of Cook, State of Illinois.

3.     On August 6, 2012, and at all times relevant herein, Defendant, WENDELLA SIGHTSEEING COMPANY, INC., was engaged in the business of marketing and/or conducting boat tours and private boat charters on the Chicago River in Chicago, Illinois.

4.     On August 6, 2012, and at all times relevant herein, Defendant, WENDELLA SIGHTSEEING COMPANY, INC., owned the vessel, "Lila."

5.     On August 6, 2012, and at all times relevant herein, Defendant, WENDELLA SIGHTSEEING COMPANY, INC., maintained the vessel, "Lila."

6.      On August 6, 2012, and at all times relevant herein, Defendant, WENDELLA SIGHTSEEING COMPANY, INC, operated the vessel, "Lila."

7.      On August 6, 2012, and at all times relevant herein, Defendant, WENDELLA SIGHTSEEING COMPANY, INC. marketed to the general public the vessel, "Lila," as part of Defendant's, "fleet," which was used in conducting Architecture River Tours, Combined Lake and River Tours, Chicago at Sunset Tours, Chicago River Experience Tours, and/or Summer Fireworks Cruises.

8.      On August 6, 2012, Defendant, WENDELLA SIGHTSEEING COMPANY, INC. held itself out to the general public as an entity that transported people from one place to another for a fee.

9.      On August 6, 2012, Defendant, WENDELLA SIGHTSEEING COMPANY, INC., was a common carrier.

10.     On August 6, 2012, Defendant, WENDELLA SIGHTSEEING COMPANY, INC., owned and/or leased space on a docking wall located on the Chicago River at 400 North Michigan Avenue, City of Chicago, County of Cook, Illinois.

11.     On or before August 6, 2012, Plaintiff, RAJENDRA PATEL, purchased tickets for Defendant, WENDELLA SIGHTSEEING COMPANY, INC.'s. "Lake and River" tour.

12.     On August 6, 2012 at approximately 4:00 p.m., Plaintiff, RAJENDRA PATEL, embarked on Defendant, WENDELLA SIGHTSEEING COMPANY, INC's "Lake and River" tour.

13.     On August 6, 2012, at approximately 5:35 p.m., the vessel, "Lila" owned, operated and/or maintained by Defendant, WENDELLA SIGHTSEEING BOAT COMPANY,

INC., allided with the docking wall located at 400 North Michigan Avenue on the Chicago
River, in the City of Chicago, County of Cook, Illinois.

14.     On August 6, 2012, Defendant, WENDELLA SIGHTSEEING COMPANY,
INC., had a duty to exercise ordinary care in the ownership, operation, and/or maintenance of its
fleet, including the "Lila."

15.     As a common carrier, Defendant, WENDELLA SIGHTSEEING COMPANY,
INC., had a duty to its passengers to use the highest degree of care consistent with the mode of
conveyance used and the practical operation of its business as a common carrier.

16.     Notwithstanding said duties, on August 6, 2012, Defendant, WENDELLA
SIGHTSEEING COMPANY, INC. committed one or more of the following acts and/or
omission:

j)  Failed to inspect its vessel, "Lila," upon its delivery in July of 2012 to discovery any
    material defects in the vessel's construction;

k)  Knowingly operated its fleet, including, "Lila," even though the vessel(s) contained
    material defects;

l)  Operating its fleet, including, "Lila," even though the vessel(s) contained a faulty
    electrical system;

m)  Operated its fleet, including, "Lila," even though the vessel(s) did not contain an
    Isolation Transformer;

n)  Operated its fleet, including, "Lila," even though the vessel(s)'s Deck Hatches were
    too small, too heavy, or of the wrong material

o)  Failed to reduce speed to avoid alluding with the docking wall;

p)  Failed to maneuver the vessel appropriately in order to avoid alluding with the
    docking wall;

q)  Failed to implement safety procedures requiring all passengers to be seated at the
    time of docking;

14

r)   Was otherwise negligent.

17.     On August 6, 2012, while a passenger on Defendant's vessel, "Lila," Plaintiff, RAJENDRA PATEL, suffered a fall and sustained injuries, including multiple pelvic fractures, when "Lila," allided with a docking wall.

18.     Said injuries were a direct and proximate result of one or more of the negligent foregoing acts or omissions of the Defendant, WENDELLA SIGHTSEEING COMPANY, INC.

19.     As a further direct and proximate result of the aforementioned occurrence, Plaintiff, RAJENDRA PATEL, was caused to experience physical pain, mental suffering, emotional distress, disability, disfigurement, loss of a normal life, all of which conditions and injuries are permanent in nature.

WHEREFORE, Plaintiff, RAJENDRA PATEL, prays for judgment against Defendant, WENDELLA SIGHTSEEING COMPANY, INC., in an amount in excess of Fifty Thousand Dollars ($50,000.00), and for any further relief this Court deems appropriate and just.

## COUNT V – PRODUCTS LIABILITY
### *Rajendra Patel v. Blount Boats, Inc.*

1.      On August 6, 2012, and at all times relevant herein, Plaintiff, RAJENDRA PATEL, was a resident of the City Clackamas, Clackamas County, Oregon.

2.      Defendant, BLOUNT BOATS, INC., is a corporation existing by and under the laws of the state of Rhode Island, with its principal place of business located at 461 Water Street, Town of Warren, County of Bristol, State of Rhode Island.

3.      On and before August 6, 2012, and at all times relevant herein, Defendant, BLOUNT BOATS, INC. was doing business throughout the state of Illinois.

4.     On August 6, 2012, and at all times relevant herein, Defendant, BLOUNT BOATS, INC. was engaged in the business of designing, manufacturing, marketing, and/or distributing Excursion Tour Boats throughout the United States, including the State of Illinois.

5.     On and before August 6, 2012, and at all times relevant herein, Defendant, BLOUNT BOATS, INC., custom designed, manufactured, marketed, distributed and/or sold a model of an Excursion Tour Boats to WENDELLA SIGHTSEEING COMPANY, INC.

6.     On and before August 6, 2012, and at all times relevant herein, Defendant, BLOUNT BOATS, INC., was placing Excursion Tour Boats, including the vessel it custom designed, manufactured, marketed, distributed and/or sold to WENDELLA SIGHTSEEING COMPANY, INC.,  into the stream of commerce

7.     BLOUNT BOATS, INC. marketed their vessels to the public as being, "second to none."

8.     BLOUNT BOATS, INC. marketed their vessels to the public as being, "'task master[s] of the sea' providing reliable service day after day, year after year."

9.     Defendant, BLOUNT BOATS, INC., marketed their vessels to the public as being, "sound."

10.     Defendant, BLOUNT BOATS, INC., marketed their vessels to the public as being, "long-lasting."

11.     Defendant, BLOUNT BOATS, INC., marketed their vessels to the public as being, "cost-effective."

12.     Defendant, BLOUNT BOATS, INC., marketed their vessels to the public as being, "designed with the operator's needs held in first consideration."

13.     BLOUNT BOATS, INC., built their vessels, including the vessel they custom designed, manufactured, marketed, distributed and/or sold to WENDELLA SIGHTSEEING COMPANY, INC., from steel and/or aluminum.

14.     At some point prior to August 6, 2012, a vessel made by BLOUNT BOATS, INC., was purchased by WENDELLA SIGHSEEING COMPANY, INC., in Chicago, Illinois.

15.     WENDELLA SIGHTSEEING COMPANY, INC. named this vessel, "Lila."

16.     At some point prior to August 6, 2012, "Lila" was used by, WENDELLA SIGHTSEEING COMPANY, INC., in Chicago, Illinois to conduct various tours on the Chicago River and Lake Michigan.

17.     On August 6, 2012, and at all times relevant herein, Plaintiff, RAJENDRA PATEL, was aboard, "Lila," as a passenger on WENDELLA SIGHTSEEING COMPANY, INC.'s "Lake and River Tour."

18.     On August 6, 2012, at approximately 5:35 p.m., and at all times relevant herein, "Lila," allided with a docking wall located at 400 North Michigan Avenue, City of Chicago, County of Cook, State of Illinois.

19.     On August 6, 2012, while a passenger aboard, "Lila," Plaintiff, RAJENDRA PATEL, suffered a fall and sustained injuries, including multiple pelvic fractures, when "Lila," as a direct result of, "Lila's" alluding with the docking wall.

20.     On August 6, 2012, and at all times relevant herein, Defendant, BLOUNT BOATS, INC., had a duty to design, manufacture, test, market, distribute, assemble, install and/or sell the vessel, "Lila," so that it was neither defective, nor was unreasonably dangerous when used as intended.

21.     At the time the vessel, "Lila," left the possession of the Defendant, BLOUNT

BOATS, INC., and at the time it entered the stream of commerce, the vessel, "Lila," was in an

unreasonably dangerous and/or defective condition in one or more of the following ways:

m) Failed to design and/or manufacture the vessel so that it would not overheat;

n) Failed to design and/or manufacture the vessel so as to prevent the failure of one or both engines;

o) Used defective materials in the design and/or manufacture of the vessel;

p) Failed to install an Isolation Transformer, which is required by the United States Coast Guard;

q) Failed to install Deck Hatches that were the correct size, weight, and/or correct material;

r) Failed to properly install and/or hire a licensed electrician to install a functional electrical system onboard the vessel;

s) Intentionally used defective and/or substandard materials in the construction of the vessel in order to reduce manufacturing costs;

t) Failed to use sufficient materials in the design and/or manufacturing of the vessel;

u) Failed to consider and implement safer alternatives in the design and/or manufacturing of the vessel;

v) Was defectively designed in such a manner that the font end of the vessel was completely crushed upon allided with the docking wall;

w) Created an unreasonably risk of injury to passengers upon alliding with the docking wall; and

x) Was otherwise negligent in the design and/or manufacturing of the vessel, "Lila."

22.     On August 6, 2012, while a passenger on, "Lila," RAJENDRA PATEL suffered a

fall and sustained injuries, including multiple pelvic fractures, when, "Lila," allided with the

docking wall at 400 North Michigan Avenue.

23.     Said injuries were a direct and proximate result of one or more of the foregoing unreasonably dangerous and/or defective conditions of, "Lila."

24.     As a further direct and proximate result of the aforementioned unreasonably dangerous and/or defective conditions, RAJENDRA PATEL, was caused to experience physical pain, mental suffering, emotional distress, disability, disfigurement, a loss of a normal life, all of which conditions and injuries are permanent in nature.

WHEREFORE, Plaintiff, RAJENDRA PATEL, prays for judgment against Defendant, BLOUNT BOATS, INC., in an amount in excess of Fifty Thousand Dollars ($50,000.00), and for any further relief this Court deems appropriate and just.

<u>COUNT VI – PRODUCTS LIABILITY/NEGLIGENCE</u>
*Rajendra Patel v. Blount Boats, Inc.*

1.     On August 6, 2012, and at all times relevant herein, Plaintiff, RAJENDRA PATEL, was a resident of the City Clackamas, Clackamas County, Oregon.

2.     Defendant, BLOUNT BOATS, INC., is a corporation existing by and under the laws of the state of Rhode Island, with its principal place of business located at 461 Water Street, Town of Warren, County of Bristol, State of Rhode Island.

3.     On and before August 6, 2012, and at all times relevant herein, Defendant, BLOUNT BOATS, INC. was doing business throughout the state of Illinois.

4.     On August 6, 2012, and at all times relevant herein, Defendant, BLOUNT BOATS, INC. was engaged in the business of designing, manufacturing, marketing, and/or distributing Excursion Tour Boats throughout the United States, including the State of Illinois.

5.     On and before August 6, 2012, and at all times relevant herein, Defendant, BLOUNT BOATS, INC., custom designed, manufactured, marketed, distributed and/or sold a model of an Excursion Tour Boats to WENDELLA SIGHTSEEING COMPANY, INC.

6.     On and before August 6, 2012, and at all times relevant herein, Defendant, BLOUNT BOATS, INC., was placing Excursion Tour Boats, including the vessel it custom designed, manufactured, marketed, distributed and/or sold to WENDELLA SIGHTSEEING COMPANY, INC., into the stream of commerce

7.     BLOUNT BOATS, INC. marketed their vessels to the public as being, "second to none."

8.     BLOUNT BOATS, INC. marketed their vessels to the public as being, "'task master[s] of the sea' providing reliable service day after day, year after year."

9.     Defendant, BLOUNT BOATS, INC., marketed their vessels to the public as being, "sound."

10.     Defendant, BLOUNT BOATS, INC., marketed their vessels to the public as being, "long-lasting."

11.     Defendant, BLOUNT BOATS, INC., marketed their vessels to the public as being, "cost-effective."

12.     Defendant, BLOUNT BOATS, INC., marketed their vessels to the public as being, "designed with the operator's needs held in first consideration."

13.     BLOUNT BOATS, INC., built their vessels, including the vessel they custom designed, manufactured, marketed, distributed and/or sold to WENDELLA SIGHTSEEING COMPANY, INC., from steel and/or aluminum.

20

14.     At some point prior to August 6, 2012, a vessel made by BLOUNT BOATS, INC., was purchased by WENDELLA SIGHSEEING COMPANY, INC., in Chicago, Illinois.

15.     WENDELLA SIGHTSEEING COMPANY, INC. named this vessel, "Lila."

16.     At some point prior to August 6, 2012, "Lila" was used by, WENDELLA SIGHTSEEING COMPANY, INC., in Chicago, Illinois to conduct various tours on the Chicago River and Lake Michigan.

17.     On August 6, 2012, and at all times relevant herein, Plaintiff, RAJENDRA PATEL, was aboard, "Lila," as a passenger on WENDELLA SIGHTSEEING COMPANY, INC.'s "Lake and River Tour."

18.     On August 6, 2012, at approximately 5:35 p.m., and at all times relevant herein, "Lila," allided with a docking wall located at 400 North Michigan Avenue, City of Chicago, County of Cook, State of Illinois.

19.     On August 6, 2012, while a passenger aboard, "Lila," Plaintiff, RAJENDRA PATEL, suffered a fall and sustained injuries, including multiple pelvic fractures, when "Lila," as a direct result of, "Lila's" alluding with the docking wall.

20.     On August 6, 2012, and at all times relevant herein, Defendant, BLOUNT BOATS, INC., had a duty to use reasonable care in its design, manufacture, testing, marketing, distribution, assembly, installation and/or selling of the vessel, "Lila," so that it safe for its intended use.

21.     Notwithstanding said duty, Defendant, BLOUNT BOATS, INC., committed one or more of the following acts and/or omissions:

l)    Failed to properly design and/or manufacture the vessel so that it would not overheat;

m) Failed to properly design and/or manufacture the vessel so as to prevent the failure of one or both engines;

n) Used defective materials in the design and/or manufacture of the vessel;

o) Failed to properly install an Isolation Transformer, which is required by the United States Coast Guard;

p) Failed to properly install Deck Hatches that were the correct size, weight, and/or correct material;

q) Failed to properly install and/or hire a licensed electrician to install a functional electrical system onboard the vessel;

r) Used defective and/or substandard materials in the construction of the vessel in order to reduce manufacturing costs;

s) Failed to use sufficient materials in the design and/or manufacturing of the vessel;

t) Failed to consider and implement safer alternatives in the design and/or manufacturing of the vessel;

u) Defectively designed in such a manner that the font end of the vessel was completely crushed upon allided with the docking wall; and

v) Was otherwise negligent in the design and/or manufacturing of the vessel, "Lila."

22.     On August 6, 2012, while a passenger on, "Lila," RAJENDRA PATEL suffered a fall and sustained injuries, including multiple pelvic fractures, when, "Lila," allided with the docking wall at 400 North Michigan Avenue.

23.     Said injuries were a direct and proximate result of one or more of the foregoing unreasonably dangerous and/or defective conditions of, "Lila."

24.     As a further direct and proximate result of the aforementioned unreasonably dangerous and/or defective conditions, RAJENDRA PATEL, was caused to experience physical

pain, mental suffering, emotional distress, disability, disfigurement, a loss of a normal life, all of which conditions and injuries are permanent in nature.

WHEREFORE, Plaintiff, RAJENDRA PATEL, prays for judgment against Defendant, BLOUNT BOATS, INC., in an amount in excess of Fifty Thousand Dollars ($50,000.00), and for any further relief this Court deems appropriate and just.

Respectfully Submitted,
ROMANUCCI & BLANDIN, LLC

By: _____
One of Plaintiff's Attorneys

Michael E. Holden
ROMANUCCI & BLANDIN, LLC
321 N. Clark St., Ste. 900
Chicago, IL 60654
P: (312) 458-1000
F: (312) 458-1004
Attorney No. 35875
mholden@rblaw.net

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

RANJANA PATEL and RAJENDRA PATEL,    )
                                                 )
             Plaintiff,                )
                                                 )
             v.                      )      No.:
                                                 )
WENDELLA SIGHTSEEING COMPANY,    )
INC. and BLOUNT BOATS, INC.             )
                                               )
            Defendants.         )

2014L008091
CALENDAR/ROOM E
TIME 09:00
PI Other

## <u>JURY DEMAND</u>

The undersigned demands a jury trial.

                                   Respectfully Submitted,
                                   ROMANUCCI & BLANDIN, LLC

                    By:  _____
                                    Attorney for Plaintiff

Michael E. Holden
ROMANUCCI & BLANDIN
321 N. Clark St.; Ste 900
Chicago, IL 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
Attorney No.: 35875

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

RANJANA PATEL and RAJENDRA PATEL,   )
                                   )
          Plaintiff,             )
                                   )
      v.                     )
                                   )
WENDELLA SIGHTSEEING COMPANY,   )
INC. and BLOUNT BOATS, INC.        )
                                   )
          Defendants.           )

2014L008091
CALENDAR/ROOM E
TIME 00:00
PI Other

FILED 2014 AUG -1 PM 4: 22 DOROTHY BROWN CLERK OF CIRCUIT COURT LAW DIVISION

### AFFIDAVIT REGARDING DAMAGES SOUGHT

I, Michael E. Holden, being first duly sworn under oath, states as follows:

1.     That your affiant is one of the attorneys of record for the party in this matter.

2.     That the total money damages sought in this civil action exceeds $50,000.

FURTHER AFFIANT SAYETH NOT.

_____
Michael E. Holden

[X]    Under penalties as provided by law pursuant to 735 ILCS 5/1-109 (1993), I certify that the statements set forth herein are true and correct.

Michael E. Holden
ROMANUCCI & BLANDIN
321 N. Clark St.; Ste 900
Chicago, IL 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
Attorney No.: 35875

# EXHIBIT B

## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| RANJANA PATEL and RAJENDRA PATEL | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No: |
| WENDELLA SIGHTSEEING COMPANY, INC. and BLOUNT BOATS, INC. | ) ) ) | |
| Defendants, | ) ) | |

## CONSENT TO REMOVAL

TO:      The Honorable Judges of the
United States District Court
for the Northern District of Illinois,
Eastern Division

Defendant, Wendella Sightseeing Company, Inc. consents to the removal of this action pursuant to the Notice of Removal being filed by Defendant Blount Boats, Inc.

Wendella Sightseeing Company, Inc.

By Its Attorney

Dennis Minichello
Marwedel, Minichello and Reeb, P.C.
10 S. Riverside Plaza
Suite 700
Chicago, Illinois 60606
P: (312) 902-1600
F: (312) 902-9900

4835-1827-4846, v. 3